UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| NY STONE MANHATTAN, LLC,<br><br>                              Plaintiff,<br><br>           -v.-<br><br>COWAN LOGISTICS, LLC, and 5 STAR LOGISTICS, INC.,<br><br>                            Defendants. | 23 Civ. 2850 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

       On April 5, 2023, Defendant Cowan Logistics, LLC ("Cowan Logistics") removed this action for negligence and breach of contract from the Supreme Court of the State of New York, New York County. ECF No. 1 (Notice of Removal). On April 13, 2023, Cowan Logistics moved to dismiss Plaintiff's negligence claim under Rule 12(b) of the Federal Rules of Civil Procedure on federal preemption grounds. ECF No. 6. On May 3, 2023, Plaintiff filed an Amended Complaint. ECF No. 9. On May 4, 2023, Cowan Logistics filed a letter-motion for a conference. ECF No. 12. In that letter-motion, Cowan Logistics asserts that the Court should grant its motion to dismiss because Plaintiff failed to timely respond. *Id.* Cowan Logistics also maintains that, although the Amended Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, Cowan Logistics removed this action based on federal question jurisdiction, 28 U.S.C. § 1331. *Id.* Cowan Logistics asserts that jurisdiction is based on preemption of Plaintiffs' claim(s) by the Carmack Amendment, 49 U.S.C. § 14706(d). *Id.*; *see* Notice of Removal ¶¶ 4-14.[1]

---

[1] Cowan Logistics states that the Honorable Jennifer L. Rochon previously dismissed an identical lawsuit filed by Plaintiff due to Plaintiff's failure to establish diversity jurisdiction and proper venue (*see* Case No. 23-CV-01159-JLR, ECF No. 15). ECF No. 12.

On May 4, 2023, Plaintiff responded to Cowan Logistics' letter-motion. ECF No. 14. Plaintiff asserts that its Amended Complaint mooted Cowan Logistics' April 13, 2023 motion to dismiss. *Id.* While Plaintiff contends that diversity jurisdiction lies under 28 U.S.C. § 1332, it seeks leave, should the Court decide otherwise, to further amend its Complaint to allege federal question jurisdiction. *Id.* On May 23, 2023, Cowan Logistics moved to dismiss, on federal preemption grounds, the negligence claim asserted against Cowan Logistics in Plaintiff's Amended Complaint. ECF No. 15. In light of Plaintiff's timely amendment of the Complaint, *see* Fed. R. Civ. P. 15(a)(1)(B), and Cowan Logistics' subsequent filing of a motion to dismiss on May 23, 2023, Cowan Logistics' April 13, 2023 motion to dismiss is DENIED as moot.

In its Notice of Removal, Cowan Logistics contends that the Carmack Amendment, 49 U.S.C. § 14706(d), applies because Plaintiff's case is an "[a]ction for damages occurring during interstate transportation." Notice of Removal ¶ 13; *id.* Attach. 1 (Civil Cover Sheet). The Amended Complaint, like Plaintiff's original Complaint, only asserts state law claims for negligence and breach of contract. *See* ECF No. 9. Nonetheless, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "Because complete preemption may be crucial to the existence of federal subject-matter jurisdiction" in this case, and the Court has "an independent obligation to ensure that federal subject-matter jurisdiction exists," the Court must consider whether the Carmack Amendment "actually supports complete preemption." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 274 (2d Cir. 2005).

Despite invoking the Carmack Amendment in its Notice of Removal as a basis for the Court's subject matter jurisdiction, Cowan Logistics only asserts in its motion to dismiss that the Federal Aviation Administration Authorization Act ("FAAAA") preempts Plaintiff's negligence claim. *See* ECF No. 15. However, "[t]he well-pleaded complaint rule mandates that in assessing

2

subject-matter jurisdiction, a federal court must disregard allegations that a well-pleaded complaint would not include—e.g., allegations about anticipated defenses." *Sullivan*, 424 F.3d at 271; *see Wurtz v. Rawlings Co.*, 761 F.3d 232, 238 (2d Cir. 2014) (a "defensive preemption claim . . . cannot support federal jurisdiction because it would not appear on the face of a well-pleaded complaint").

Accordingly, by **June 26, 2023**, Cowan Logistics shall file a memorandum—citing relevant authorities—supporting its assertion that this lawsuit invokes the Court's federal question jurisdiction and clarifying its position on that issue. By **July 6, 2023**, Plaintiff shall file any response. Should the Court not remand this action for lack of subject matter jurisdiction, the Court will set a briefing schedule on Defendant's May 23, 2023 motion to dismiss.

The Clerk of Court is directed to terminate ECF Nos. 6 and 12.

SO ORDERED.

Dated: June 12, 2023
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge