UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NY STONE MANHATTAN, LLC,

                Plaintiff,

-against-

COWAN LOGISTICS, LLC, 5 STAR LOGISTICS, INC.,

                Defendants.

23-CV-2850-LTS

---

ORDER

      Plaintiff NY Stone Manhattan, LLC ("Plaintiff") brings this action asserting claims for breach of contract against Cowan Logistics, LLC ("Cowan") and for negligence against Cowan and 5 Star Logistics, Inc. ("5 Star"). (Docket entry no. 9 (the "Amended Complaint" or "AC").) On May 23, 2023, Cowan moved to dismiss Plaintiff's negligence claim on the basis of federal preemption. (Docket entry no. 15 (the "Cowan Motion").) On June 12, 2023, Judge Rearden issued an order asking Plaintiff and Cowan to brief issues pertaining to the Court's jurisdiction of this action, including Cowan's assertion that the Court has federal question jurisdiction of Plaintiff's negligence claims due to the complete preemption of the Carmack Amendment. (Docket entry no. 16 (the "Rearden Order").) On April 28, 2025, this action was transferred to the undersigned.

      In the AC, Plaintiff has invoked this Court's diversity jurisdiction under 28 U.S.C. section 1332. (AC.) Plaintiff has failed to adequately allege, however, the citizenship of Defendant Cowan Logistics, LLC. (See id. ¶ 5.) For purposes of diversity jurisdiction, the citizenship of an artificial business entity other than a corporation, including a limited liability company ("LLC"), is determined by reference to the citizenship of its members, see C.T. Carden v. Arkoma Assocs., 494 U.S. 185 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160

F.3d 925 (2d Cir. 1998); <u>Keith v. Black Diamond Advisors, Inc.</u>, 48 F. Supp. 2d 326 (S.D.N.Y. 1999).  If the members of the LLC are other artificial entities, such as corporations or LLCs, the LLC's citizenship encompasses the citizenship of each of the other entities, requiring examination of the citizenship of each of the entities and persons holding an interest (other than as a corporate shareholder) in the LLC or in its direct and indirect members.  Therefore, Defendant Cowan is ORDERED to submit an updated [Rule 7.1 Corporate disclosure statement](#), **by May 8, 2025,** disclosing the citizenship of each of its members to enable the Court to determine whether it has subject matter jurisdiction of this action.

Following Cowan's updated disclosure, the Parties are ORDERED to meet and confer, and to subsequently file a status report **by May 16, 2025,** containing the following information: (1) a statement regarding whether the Parties agree that the Court has diversity jurisdiction of this action, without regard to the disputed issues pertaining to the Court's federal question jurisdiction of this action, and (2) a proposed briefing schedule for Cowan's pending motion to dismiss and/or any additional motions to dismiss Plaintiff's AC or 5 Star's crossclaims, or, in the alternative, a schedule for Plaintiff to further amend the Amended Complaint on consent.

All Parties are directed to review and comply with the individual rules and practices of the undersigned for all further proceedings in this action.

SO ORDERED.

Dated: New York, New York
May 2, 2025

      /s/ Laura Taylor Swain
     LAURA TAYLOR SWAIN
     Chief United States District Judge